DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. A jury found Dion M. Evans, defendant below and appellant herein, guilty of two counts of burglary in violation of R.C. 2911.12(A)(2), two counts of theft in violation of R.C. 2913.02, failure to comply with the order of a police officer in violation of R.C. 2921.331(B), safe cracking in violation of R.C.2911.13(A), and receiving stolen property in violation of R.C. 2913.51. *Page 2 
 {¶ 2} Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ILLEGALLY SENTENCED MR. EVANS BASED UPON THE COURT'S UNSUPPORTED OPINION THAT MR. EVANS `PROBABLY' COMMITTED A BURGLARY AT THE KLETT RESIDENCE; THE JURY HAD NO EVIDENCE TO SUPPORT SUCH A FINDING OF FACT, AND THE JUDGE'S SENTENCE MUST BE REVERSED WHERE IT WAS BASED UPON SPECULATION RATHER THAN THE RECORD."
SECOND ASSIGNMENT OF ERROR:
 "THE JURY TRIAL WAS TAINTED AND MADE UNDULY PREJUDICIAL TO THE RIGHTS OF THE DEFENDANT BY TESTIMONY OF A WILDLIFE OFFICER WHO HAD ARRESTED MR. EVANS WITHOUT STATUTORY AUTHORITY TO MAKE THE ARREST."
THIRD ASSIGNMENT OF ERROR:
 "THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO PROVE THAT MR. EVANS WAS GUILTY OF ALL CRIMES ALLEGED IN THE INDICTMENT. THAT DEPRIVED MR. SMITH OF HIS RIGHT TO DUE PROCESS, AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
FOURTH ASSIGNMENT OF ERROR:
 "THE EIGHTEEN AND ONE HALF YEAR SENTENCE IS EXCESSIVE AND DOES NOT SERVE THE ENDS OF JUSTICE, WHERE THE CRIMES AT ISSUE WERE PROPERTY CRIMES INVOLVING NO VIOLENCE OR INJURIES TO OTHERS."[1]
 {¶ 3} On the afternoon of August 24, 2006, an alarm sounded at the home of *Page 3 
Richard and Sandy Petty near Asheville. Several Pickaway County Sheriff's deputies responded to the scene and when one approached the house, he observed appellant walk from the home into the attached three car garage. After the deputy ordered appellant to get "down on the ground," appellant jumped into his car, crashed through the partially opened garage door and sped down the driveway nearly striking a sheriffs cruiser. The deputies gave chase and appellant crashed his vehicle. At this point, appellant set out on foot. Ohio State Wildlife Officer Kenneth Bebout joined the deputies in their search and Bebout eventually located appellant hiding in a creek bed. Bebout alerted the deputies who then took appellant into custody. A pat-down search revealed a credit card in the name of Angela Klett, who had reported several items stolen the previous day. A subsequent search of the crashed vehicle also yielded property belonging to the Pettys and Jason and Melissa Retherford.
 {¶ 4} Later that afternoon, the Retherfords returned home to find that their house had been broken into and some of their property missing. Among the stolen items were guns, frozen foods and savings bonds that belonged to their daughter that had been kept in a fireproof safe in the bedroom. That safe was found in the garage "cracked open."
 {¶ 5} On September 8, 2006, the Pickaway County Grand Jury returned an indictment charging appellant with two counts of burglary, two counts of theft, failure to comply with the order of a police officer, safe cracking and receiving stolen property. Appellant pled not guilty to all offenses and the matter proceeded to a jury trial in November 2006.
 {¶ 6} At trial, Deputy Tracy Andrews and Deputy Corey Bachnicki identified *Page 4 
appellant as the man they saw in the Petty home. Those officers, together with Deputy Dale Parish and Deputy William Crooks, identified property recovered from appellant's vehicle as belonging to the Pettys and the Retherfords. Deputy Crooks and Jason Retherford also testified that a safe had been cracked open and some of the contents missing.[2]
Deputy Parish testified that Angela Klett's credit card was found on appellant's person. Finally, Nicole Vinkovich, the registered owner of the vehicle that appellant was driving that day, testified that she was appellant's girlfriend and that she had loaned him the car to drive to his new job as a Kirby vacuum cleaner salesman.
 {¶ 7} The defense presented no evidence and the jury returned guilty verdicts on all counts. The trial court sentenced appellant to serve eight years imprisonment on each burglary charge, twelve months on each theft charge, eighteen months for failure to comply with the order of a police officer, twelve months for safe-cracking and twelve months for receiving stolen property with the sentences on counts one, three, four and seven to be served consecutively to each other and concurrently to the sentences on counts two, five and six. Thus, appellant received an aggregate total of eighteen and a half (18V2) years incarceration. This appeal followed.
 I {¶ 8} We jointly consider appellant's first and fourth assignments of error because they involve related issues. Recently, in State v.Foster 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, the Ohio Supreme Court struck down several Ohio sentencing statutes as unconstitutional and declared that trial courts have full discretion *Page 5 
to impose prison sentences within the range allowed by law. Id. at paragraph seven of the syllabus. In other words, as long as the sentences imposed on criminal defendants are within the allowable statutory range, appellate courts review those sentences only for an abuse of discretion. State v. Davis, Highland App. No. 06CA21,2007-Ohio-3944, at ]}42; State v. Haney, Lake App. No. 2006-L — 253,2007-Ohio-3712, at]}24; State v. Shamaly, Cuyahoga App. No. 88409,2007-Ohio-3409, at ]}12. We note that an abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335;State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898. In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732,654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181. Generally, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will; not the exercise of judgment, but the defiance of judgment; and not the exercise of reason, but, instead, passion or bias. Vaught v. Cleveland ClinicFound., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003-Ohio-2181,1J13;Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1. With these principles in mind, we turn our attention to the sentences that the trial court imposed.
 {¶ 9} Appellant first asserts that the trial court's "excessive" sentences were "based" on a burglary that the trial court commented that appellant "probably" committed at the Klett residence, but was not charged with that offense nor had the *Page 6 
offense been proven in court. Appellant contends that this constitutes reversible error and the sentences must be vacated. We disagree.
 {¶ 10} The trial court's comment regarding the Klett burglary arose in the following context:
 "THE COURT: Mr. Evans, is there anything you wish to say in your own behalf?
 THE DEFENDANT: I didn't want to come to trial because once I was here just spent lots of time, I was afraid take all my life away from me.
 THE COURT: Nobody's taking your life away from you except yourself, young man.
 THE DEFENDANT: Yes Sir.
 THE COURT: This isn't the first time you have been through the court system. I have obtained your records in Franklin County, and it appears you have no juvenile record, but I don't know what happened once you turned eighteen, because you have been nothing but a convicted felon since you turned 18, and apparently burglary is your specialty because you committed burglary in Franklin County.
 THE DEFENDANT: 18
 THE COURT: Well, you were an adult.
 THE DEFENDANT: That was ten years ago.
 THE COURT: That's still the same person isn't it?
 THE DEFENDANT: Yes, sir.
 THE COURT: Now here you are convicted of two in this county, probably did three.
 THE DEFENDANT: No, I didn't.
 THE COURT: Well, the credit card you had was taken out of aburglary that happened at the klett house the day before these two." (Emphasis added.)
 {¶ 11} We believe that appellant misconstrues these few comments as support for his view that his sentences are "based" on the Klett burglary.[3] To the contrary, these *Page 7 
remarks were made in response to appellant's allocution and there is no indication, later in the transcript when the court sentenced appellant, that the trial court relied on the Klett incident when it imposed its sentence.
 {¶ 12} With respect to appellant's claim that the eighteen and one half year sentence is excessive, we note that appellant does not argue that the sentences extend beyond what is allowed under the statute. Thus, an appellate court may vacate such sentences only if persuaded that an abuse of discretion occurred.
 {¶ 13} Although we agree with appellant that no evidence existed that a victim sustained any physical injury, such injuries could have easily occurred in view of the manner in which appellant crashed through the garage door at the Petty home, sped down the driveway into the street and required pursuit by the officers. Not only were two sheriff's deputies near the garage, Kelly Craiglow and his son were also on the premises and could have been injured through appellant's misdeeds. More importantly, incarcerating appellant may be the only way to prevent him from committing future crimes. The trial court noted that in addition to the offenses committed here, appellant has Franklin County felony convictions for burglary and receiving stolen property. Ohio law provides that when imposing sentence(s), courts are to be guided by the overriding purposes of felony sentencing and those purposes are to (1) protect the public and (2) punish the offender. R.C. 2929.11(A).
 {¶ 14} It could well be that some judges, in the exercise of their discretion, might have chosen to impose a lesser sentence. However, that is not the standard by which we review a trial court's decision. We may vacate appellant's sentences in the case sub *Page 8 
judice only if the trial court acted arbitrarily, unreasonably or unconscionably. In light of appellant's prior record, and when we consider the facts and circumstances of the offenses at issue here, we simply cannot reach that conclusion.
 {¶ 15} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first and fourth assignments of error.
 II {¶ 16} Appellant's second assignment of error asserts that (1) State Wildlife Officer Bebout had no legal authority to arrest him; and (2) by allowing Officer Bebout to testify at trial, the trial became "tainted" and appellant was unduly prejudiced thereby requiring a reversal of his convictions. We are not persuaded.
 {¶ 17} First, the facts surrounding appellant's apprehension and arrest are not precisely clear from our review of the record. Officer Bebout testified that he found appellant in a creek bed and ordered him out at gunpoint. He went on to testify, however, that "one of the lieutenants from the Sheriff's office made contact and put him in handcuffs . . ." Second, even if Bebout did arrest appellant, no objection was lodged to his testimony. Generally, appellate courts will not consider errors that counsel could have called, but did not call, to the trial court's attention when the court could have avoided or corrected them. State v. Peagler (1996), 76 Ohio St.3d 496, 499, 668 N.E .2d 489; State v. Lott (1990), 51 Ohio St.3d 160, 174. 555 N.E.2d 293. Third, even if appellant had lodged an objection, this alleged error, assuming solely for the purposes of argument that error occurred, was at most harmless error. See Crim.R. 52(A). Deputies Corey Bachnicki and Tracy Andrews both identified appellant in court as the man they observed at the Petty residence. Deputy Parish testified that Angela Klett's *Page 9 
credit card was found on appellant's person. Items taken from the Petty and Retherford homes were found in appellant's girlfriend's car. Appellant's then girlfriend, Nicole Vinkovich, testified that she gave appellant permission to borrow her car that morning to go to work. Given all of this evidence, it is impossible for us to conclude that Officer Bebout's testimony turned the tide and led to appellant's various convictions.
 {¶ 18} For these reasons, we hereby overrule appellant's second assignment of error.
 III {¶ 19} Appellant's third assignment of error asserts that insufficient evidence exists "to support all seven charges." Our own review of the record, however, reveals ample competent, credible evidence going to each element of each offense to support the verdicts on all of the offenses.
 {¶ 20} Appellant was identified as the intruder seen at the Petty residence and the individual caught after the high speed chase with sheriff's deputies. The uncontroverted evidence established that (1) appellant was ordered on the ground at the Petty residence, but refused, (2) the deputies pursued him with lights and sirens, but he would not stop his vehicle, (3) the items stolen from the Petty residence were found in appellant's vehicle, (4) the stolen items from the Retherford home were found in appellant's vehicle, (5) a safe at the Retherford home was found in the garage "cracked open" and some of the safe's contents was missing and (6) a credit card stolen from Angela Klett was found on appellant's person.
 {¶ 21} When reviewing for the sufficiency of the evidence, appellate courts look to the adequacy of evidence and whether the evidence, if believed, supports a finding of *Page 10 
guilt beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541; State v. Jenks (1991),61 Ohio St.3d 259, 273, 574 N.E.2d 492. In other words, after viewing the evidence and all inferences reasonably drawn therefrom in the light most favorable to the prosecution, could any rational trier of fact could have found all essential elements of the offense beyond a reasonable doubt. State v.Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, at]}34;State v. Jones (2000), 90 Ohio St.3d 403, 417, 739 N.E.2d 300.
 {¶ 22} Based upon the evidence noted above, and in light of appellant's failure to cite a specific element of a specific charge that was allegedly infirm, we conclude that sufficient evidence exists to support all of appellant's convictions. Accordingly, we hereby overrule appellant's third assignment of error. Having reviewed all errors assigned and argued by appellant in his brief, and finding merit in none of them, the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
[1] Appellant's brief contains a joint statement of assignments of error and issues presented for review. The provisions of App.R. 16(A)(3)(4), however, clearly contemplate that these are to be separate.
[2] Although other property that belonged to the Retherfords was apparently recovered from appellant, the savings bonds were not recovered.
[3] Insofar as appellant's contention that there is no evidence a burglary took place at the Klett home, we point out that Angela Klett testified that she was a "victim of a theft." We also note that her credit card was not the only property of hers found in appellant's possession. Deputy Parrish testified that guns belonging to Klett were found in appellant's apartment. We recognize, however, that appellant was not formally charged nor convicted for a burglary at the Klett residence.