[Cite as *State v. Evans*, 2010-Ohio-5838.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                  :

    Plaintiff-Appellee,         :     Case No.   09CA20

    vs.                          :

DION M. EVANS,           :     DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.      :

_____

APPEARANCES:

APPELLANT PRO SE:       Dion M. Evans, #537-957, Ross Correctional
                                Institution, P.O. Box 7010, Chillicothe, Ohio 45601,
                                Pro Se

COUNSEL FOR APPELLEE:    Judy C. Wolford, Pickaway County Prosecuting
                                Attorney, and Jayme Hartley Fountain, Pickaway
                                County Assistant Prosecuting Attorney, 203 South
                                Scioto Street, P.O. Box 910, Circleville, Ohio 43113
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-29-10

ABELE, J.

{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment

that overruled a motion for a new trial. A jury found Dion M. Evans, defendant below

and appellant herein, guilty of (1) two counts of burglary in violation of R.C.

2911.12(A)(2); (2) two counts of theft in violation of R.C. 2913.02; (3) failure to comply

with the order of a police officer in violation of R.C. 2921.331(B); (4) safe cracking in

violation of R.C. 2911.13(A); and (5) receiving stolen property in violation of R.C.

2913.51.  Subsequently, appellant sought a new trial.   The trial court, however, denied his request.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:[1]

"THE TRIAL COURT ERRED WHEN IT DENIED PETITIONER A NEW TRIAL AFTER IT PROCEEDED IN THE ORIGINAL TRIAL WITHOUT SUBJECT MATTER JURISDICTION."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT PETITIONER A NEW TRIAL ON THE BASIS OF INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 3}   On the afternoon of August 24, 2006, an alarm sounded at the home of Richard and Sandy Petty near Asheville.   Several deputies responded and, when one approached the house, he observed appellant walk from the Petty home into the attached three car garage.   Afer the deputy ordered appellant to get "down on the ground," appellant jumped into his car, crashed through the partially opened garage door and sped down the driveway nearly colliding with one of the sheriff's cruisers.

{¶ 4}   Deputies gave chase, but appellant managed to put some distance between them before he crashed his vehicle and left on foot.   Kenneth Bebout, an Ohio State Wildlife Officer, was nearby and joined the deputies in the search.   After Officer Bebout observed appellant hiding in a creek bed, the officer alerted the deputies who then took appellant into custody.

---

[1] Appellant's brief does not contain a separate statement of the assignments of error as required by App.R. 16(A)(3). Thus, we take these assignments of error from the brief's table of contents.

{¶ 5} A subsequent pat-down search revealed a credit card in the name of Angela Klett. The previous day Klett had reported several stolen items. A search of the crashed vehicle also yielded property that belonged to both the Pettys, as well as Jason and Melissa Retherford.

{¶ 6} Later that afternoon, the Retherfords returned home to find that their house had been broken into. Among the stolen items were guns, frozen foods and savings bonds that belonged to their daughter. The bonds had been kept in a fireproof safe in the bedroom. That safe, however, was found in the garage "cracked open."

{¶ 7} The Pickaway County Grand Jury indicted appellant on two counts of burglary, two counts of theft, the failure to comply with the order of a police officer, safe cracking and receiving stolen property. Appellant pled not guilty and the matter proceeded to a jury trial in November 2006. After hearing the evidence, the jury returned guilty verdicts on all counts. The trial court sentenced appellant to serve eight years in prison on each burglary charge, twelve months on each theft charge, eighteen months for the failure to comply with the order of a police officer, twelve months for safe-cracking and twelve months for receiving stolen property. The court ordered the sentences on counts one, three, four and seven be served consecutively to each other, and concurrently to counts two, five and six for an aggregate total of eighteen and a half (18½) years in prison. We affirmed appellant's conviction and sentence. See State v. Evans, Pickaway App. No. 06CA34, 2007-Ohio-6575.

{¶ 8} Appellant commenced the instant proceeding on April 13, 2009 with his

motion for a new trial.[2]   The grounds for the motion are: (1) trial counsel was ineffective for not filing a motion to dismiss the indictment; (2) trial court lacked subject matter jurisdiction over the criminal case because the indictment failed to specify a mental state for several of the charges; and (3) the court exceeded its authority at sentencing. The trial court overruled the motion both because it was filed out of rule as well as on the merits.   This appeal followed.

{¶ 9}   We jointly consider appellant's two assignment of error.   Generally, a motion for new trial must be filed within fourteen days after a jury verdict or judgment. Crim.R. 33(B).   A motion for a new trial based on newly discovered evidence must generally be filed within one hundred twenty days after the jury verdict or court judgment. Id.   In the case sub judice, as the trial judge aptly noted, because appellant did not allege that he was "unavoidably prevented" from filing his motion within the time limits, appellant's motion is several years out of rule.

{¶ 10} Crim.R. 33(B) motions are properly dismissed when not filed within the prescribed time period.   See State v. Brown, Hamilton App. No. C-10050, 2010-Ohio-4599, at ¶6.   However, requests to file delayed motions are permissible in instances when clear and convincing evidence shows that a party is "unavoidably prevented" from filing the motion within rule.   Crim.R. 33(B); State v. Pinkerman (1993), 88 Ohio App.3d 158, 160, 623 N.E.2d 643, holding that such a finding is a jurisdictional prerequisite to filing out of rule.   See, also, State v. Bialec, Cuyahoga App. No. 86564, 2006-Ohio-1585, at ¶10 (Corrigan, J. Concurring).   Thus, the trial court properly

---

[2] Appellant cited Crim.R. 33(E) as authority for his motion.   That portion of the rule, however, sets forth "invalid" grounds for granting the motion.

dismissed appellant's motion for new trial.

{¶ 11} As for appellant's claim that the trial court lacked subject matter jurisdiction (a claim based on his argument the indictment failed to specify the requisite mens rea for two charges against him), we need only point out that a failure to specify mens rea does not render a judgment void, but voidable. See State v. Tucker, Montgomery App. No. 23408, 2010-Ohio-2642, at ¶6; State v. Cool, Summit App. No. 24518, 2009-Ohio-4333, at ¶9. In the case at bar, the trial court engaged in a detailed and thoughtful discussion and refuted appellant's argument. We need not, and do not, believe it necessary to review that discussion. Most important, appellant did not raise this issue on direct appeal and is now barred from raising it at this late date pursuant to the doctrine of res judicata. Tucker, supra at ¶6; State v. Turner, Cuyahoga App. No. 91695, 2008-Ohio-6648, at ¶¶5-9.

{¶ 12} Furthermore, appellant's claim that he received constitutionally ineffective assistance from trial counsel for not raising the above noted issues is also barred by the doctrine of res judicata. Appellant could have, but did not, raise the issue in his first appeal of right.

{¶ 13} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.