[Cite as *State v. Evans*, 2012-Ohio-4143.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                        :        Case No.   11CA24

    vs.                                            :

DION M. EVANS,                                  :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                      :

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Dion M. Evans, #537-957, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601, Pro Se

COUNSEL FOR APPELLEE:   Judy C. Wolford, Pickaway County Prosecuting Attorney, and Jayme Hartley Fountain, Pickaway County Assistant Prosecuting Attorney, 203 South Scioto Street. P.O. Box 910, Circleville, Ohio 43113

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JORNALIZED: 9-10-12
ABELE, P.J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that denied a

motion to "vacate and correct sentence" filed by Dion M. Evans, defendant below and appellant herein.

Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO A TERM IN PRISON FOR VIOLATING THE TERMS OF POST-RELEASE CONTROL THAT WAS NEVER PROPERLY IMPOSED.   THE PICKAWAY COURTS LACKED SUBJECT MATTER JURISDICTION TO SENTENCE THE DEFENDANT ALTOGETHER, IN SO DOING, VIOLATED APPELLANT'S RIGHT TO DUE PROCESS."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT AN
EVIDENTIARY HEARING TO DETERMINE IF FRANKLIN
COUNTY HAD PROPERLY IMPOSED POST-RELEASE CONTROL.
IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS."

**{¶ 2}**     In 2006, appellant was convicted of (1) two counts of burglary in violation of R.C.

2911.12(A)(2); (2) two counts of theft in violation of R.C. 2913.02; (3) failure to comply with the order of

police in violation of R.C. 2921.331(B); (4) safe cracking in violation of R.C. 2911.13(A); and (5)

receiving stolen property in violation of R.C. 2913.51.   We affirmed his conviction and sentence.   See

*State v. Evans*, 4th Dist. No. 06CA34, 2007-Ohio-6575 (*Evans I*).   The Ohio Supreme Court declined to

hear any further appeal. See *State v. Evans*, 119 Ohio St.3d 1449, 2008-Ohio-4487, 893 N.E.2d 518.

**{¶ 3}**     In 2009, appellant filed a motion for new trial that the trial court denied.   We also

affirmed that judgment.   See *State v. Evans*, 4th Dist. No. 09CA20, 2010-Ohio-5838 (*Evans II*).

**{¶ 4}**     On August 24, 2010, appellant filed a motion for "de novo sentencing" and asserted that

the trial court failed to include language in its sentencing entry about the consequences of violating

post-release control.   The trial court overruled his motion.   We, however, reversed the judgment in part

and remanded the matter for correction of the sentencing entry through a nunc pro tunc judgment pursuant

to R.C. 2929.191. See *State v. Evans*, 4th Dist. No. 10CA33, 2011-Ohio-4630 (*Evans* III).   On September

12, 2011, the trial court filed a nunc pro tunc entry to correct the omission from its original sentencing

entry.

**{¶ 5}**     On November 10, 2011, just over two months after *Evans III*, appellant commenced the

present matter with a motion "to vacate and correct sentence."   This time, appellant attacked that part of

the 2006 judgment that imposed twenty additional months of imprisonment for violating post-release

control that was, apparently, imposed after a conviction in Franklin County.

**{¶ 6}**     Appellant's underlying argument is that the Franklin County trial court also failed to

include in its sentencing entry a warning of the consequences for violating post-release control. Inasmuch as this would have rendered post release control in Franklin County void, appellant continues, the twenty additional months added by the trial court for violating that control must also be void.[1]

**{¶ 7}** The appellee did not respond and, on December 7, 2011, the trial court denied appellant's motion. This appeal followed.[2]

1. I

**{¶ 8}** Appellant asserts in his first assignment of error that the trial court erred by overruling his motion to vacate and correct sentence. He cites *State v. Provens*, 5th Dist. No. 2011CA89, 2011-Ohio-5197, for the proposition that when a sentence is imposed for violating post-release control from a prior case, but the trial court in the prior case failed to comply with all of the statutory notification requirements, the control itself is void and the extra prison time imposed for the violation is also erroneous. Id. at ¶¶21-22.

**{¶ 9}** Although we believe that appellant correctly interprets *Provens*, we need not, and do not, determine whether to apply that case here because the record is insufficient. The only way to determine whether the Franklin County trial court's imposition of "community control" was deficient is for us to examine the judgment that imposed it. No such judgment is part of the record in this case. Appellant attached to his notice of appeal a copy of a Franklin County judgment that revoked "community control"

---

[1] The 2006 sentencing entry does not specify the county that imposed post-release control. However, the transcript of the sentencing hearing in this case reveals that it was Franklin County.

[2] Appellant's brief presents one argument for both assignments of error. Separate arguments are required for each assignment of error. See App.R. 16(A)(7). See also App.R. 12(A)(2); *State v. Shepherd*, 4th Dist. No. 10CA3374, 2011−Ohio−2192, at ¶15, fn. 1; *State v. Keck*, 4th Dist. No. 09CA50, 2011−Ohio−1643, at ¶46, fn. 11. We have the authority to disregard this entire appeal and affirm the trial court's judgment. Nevertheless, this Court will afford some degree of leniency to pro se litigants. See e.g. *Powell v. Valandingham*, 4th Dist. No. 10CA24, 2011−Ohio−3208, at ¶24. So, in the interests of justice, we will consider the merits of his arguments.

previously imposed and sentenced him to serve two years in prison.[3]   This entry, however, is not the

sentencing entry upon which the trial court in this case relied when it imposed sentence in 2006.   Until

that entry is included in the record, it is impossible to determine if the imposition of community control

was void.

{¶ 10}  For this reason, we overrule appellant's first assignment of error.

II

{¶ 11}  Appellant's second assignment of error asserts that the trial court erred by overruling his

motion without first affording him an evidentiary hearing to determine if Franklin County erred by

imposing community control.   We disagree.

{¶ 12}  First, we note that no part of appellant's brief is devoted to this issue. Second, nowhere in

his motion to "vacate and correct sentence" does appellant request a hearing.   The trial court can hardly be

said to have erred by not granting appellant something he did not ask for in the first place.   Thus, we

overrule appellant's second assignment of error.

{¶ 13}  Having considered all the errors assigned by appellant and argued in his brief, and finding

merit in none, we hereby affirm   the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein
taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common
Pleas Court to carry this judgment into execution.

---

[3]   The record on appeal, as defined by App.R. 9(A), includes all original papers filed in the trial court.     Because the notice of appeal is filed in the trial court, it constitutes a part of the record. See e.g. *State v. Hatch*, 9th Dist. No. CA 26173, 2012-Ohio-2603, at ¶3

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.