[Cite as *State v. Lofton*, 2013-Ohio-1121.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :        Case No.   12CA21

vs.                                     :

HARRISON S. LOFTON, IV,                 :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

APPELLANT PRO SE:        Harrison S. Lofton, IV, #A515-249, Toledo Correctional
                         Institution, 2001 East Central Avenue, Toledo, Ohio 43608,

COUNSEL FOR APPELLEE:    Judy C. Wolford, Pickaway County Prosecuting Attorney,
                         203 South Scioto Street, Circleville, Ohio 43113

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-19-13
ABELE, J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that

denied a motion to allow Harrison "Sonny" Lofton, IV, defendant below and appellant herein, to

withdraw his guilty plea.   Appellant assigns the following error for review[1]:

> "STATE PUBLIC DEFENDER, WILLIAM J. MOONEY,
> RENDERED HIMSELF INEFFECTIVE ASSISTANCE OF

---

[1]  Appellant neglected to set forth a separate statement of assignments of error in his brief.     See App.R. 16(A)(3).
Thus, we take the assignments of error from the argument portion of the brief.

COUNSEL, IN CASE NO 2005-CR-082, BY FAILING TO INFORM DEFENDANT-APPELLANT, HARRISON S. LOFTON, IV THAT HE HAD THE RIGHT A FAST AND SPEEDY TRIAL ONCE DEFENDANT APPELLANT WAS IN THE CUSTODY OF THE PICKAWAY COUNTY, AND HAD BEEN INFORMED OF HIS CHARGES." (SIC)

{¶ 2}   On May 6, 2005, the Pickaway County Grand Jury returned an indictment that charged appellant with aggravated murder and burglary.   Pursuant to an agreement, appellant pled guilty to an amended charge of murder into which the burglary charge would be merged. The trial court sentenced appellant to serve fifteen years to life in prison.   No appeal was taken from that judgment.

{¶ 3}   A year later, appellant filed a motion to withdraw his guilty plea.   Appellant alleged, inter alia, that he received ineffective assistance from his trial counsel.   The trial court denied his motion and appellant filed an appeal.   We, however, dismissed the appeal due to appellant's failure to comply with various orders.   *State v. Lofton*, 4th Dist. No. 08CA23 (Mar. 13, 2009) (*Lofton I*).   Appellant filed another motion to withdraw his guilty plea on February 15, 2011, but the trial court denied that motion two days later.   Appellant filed yet another motion to withdraw his guilty plea on March 7, 2012, but that motion was likewise denied.

{¶ 4}   Appellant commenced the instant action on September 17, 2012 with another motion to withdraw his guilty plea and alleged that he received ineffective assistance from trial counsel.   In support of that allegation, he argued, inter alia, that counsel did not inform him "that he had the right to a fast and speedy trial; [sic] by law."   The trial court denied that motion as well and this appeal followed.

{¶ 5}   Before we turn to the merits of the individual assignments of error, we first

address the appropriate standard of review. A post-sentence guilty plea can be withdrawn to correct a "manifest injustice." Crim.R. 32.1. Also, the decision to grant or to deny a Crim.R. 32.1 motion lies in the trial court's sound discretion and its decision will not be reversed absent an abuse of that discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus (1992); *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus (1977). Generally, an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude was unreasonable, arbitrary or unconscionable. *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990). Furthermore, in reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 6} Our review of the record in the case sub judice neither persuades us that the trial court abused its discretion by denying appellant's motion, nor that it failed to correct a manifest injustice for purposes of Crim.R. 32.1.

{¶ 7} By our count, this is appellant's fourth post-conviction motion to withdraw his guilty plea. It is axiomatic that res judicata bars successive Crim.R. 32.1 motions to withdraw guilty pleas when the grounds for the plea were raised, or could have been raised, in the initial motion. *State v. Kelm*, 6th Dist. No. WD–11–024, 2013-Ohio-202, at ¶10; *State v. Kent*, 4th Dist. No. 02CA21, 2003-Ohio-6156, at ¶6. Appellant's November 7, 2007 motion to withdraw his guilty plea raised the ineffective assistance of counsel issue. It is not entirely clear whether that motion also raised the speedy trial issue, but even if it failed to do so, that issue could have been

raised at that time.   Also, these issues could have been pursued in *Lofton I,* but they were not. Thus, the doctrine of res judicata bars them from being raised, at this late date.

{¶ 8}   We further point out that the ineffective assistance from trial counsel issue and the speedy trial rights issue are matters that could have been raised in a first appeal of right. However, they were not raised and appellant is barred from raising them here by the doctrine of res judicata.   See e.g. *State v. Beach*, 4th Dist. No. 11CA4, 2012-Ohio-1630, at ¶5, fn. 2; *State v. Evans*, 4th Dist. No. 09CA20, 2010-Ohio-5838, at ¶12; *State v. Houser*, 4th Dist. No. 03CA7, 2003-Ohio-6461, at ¶8.

{¶ 9}   For all these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

                                                                    JUDGMENT AFFIRMED.

[Cite as *State v. Lofton*, **2013-Ohio-1121**.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

<u>**NOTICE TO COUNSEL**</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.