[Cite as *State v. Lofton*, 2013-Ohio-1120.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   12CA11 |
| vs. | : | |
| HARRISON S. LOFTON, IV, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

APPELLANT PRO SE:          Harrison S. Lofton, IV, #A515-249, Toledo Correctional
                          Institution, 2001 East Central Avenue, Toledo, Ohio 43608

COUNSEL FOR APPELLEE:      Judy C. Wolford, Pickaway County Prosecuting Attorney,
                          203 South Scioto Street, Circleville, Ohio 43113

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-19-13
ABELE, J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that

denied a motion to allow Harrison "Sonny" Lofton, IV, defendant below and appellant herein, to

withdraw his guilty plea.   Appellant assigns the following errors for review[1]:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED WHEN IT TOLD DEFENDANT,

_____

[1]   Appellant neglected to set forth a separate statement of the assignments of error in his brief.    See App.R.
16(A)(3).    Consequently, we take these assignments of error from scattered portions of the argument in his brief.

HARRISON S. LOFTON IV, THAT IT WOULD IMPOSE
POST-RELEASE CONTROL AS A PART OF LOFTON'S
SENTENCE, AND WHEN IT LATER DID."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY ADVISING
DEFENDANT-APPELLANT THAT POST-RELEASE
CONTROL REQUIREMENTS ARE MANDATORY IN HIS
CASE, AND WHAT TERMS OF IMPRISONMENT MIGHT BE
IMPOSED FOR THEIR VIOLATIONS!   WHEREASE. [sic]
THE TRIAL COURT ALSO ERRED BY UNDERSTATING THE
MAXIMUM PENALTY INVOLVED BEFORE
DEFENDANT-APPELLANT ENTERED A PLEA OF GUILTY
TO THE CHARGE OF MURDER; 2903.02."

THIRD ASSIGNMENT OF ERROR:

"STATE PUBLIC DEFENDER, WILLIAM J. MOONEY[,]
RENDERED HIMSELF INEFFECTIVE ASSISTANCE OF
COUNSEL BY ALLOWING THE TRIAL COURT TO IMPOSE
A MANDATORY TERM OF POST-RELEASE CONTROL
RIGHT AFTER MR. MOONEY ENTERED A GUILTY PLEAS
FOR THE CHARGE OF MURDER; 2903.02.   WHICH
CARRIED A LIFE SENTENCE ALREADY SUBJECT TO
PAROLE."

{¶ 2} On May 6, 2005, the Pickaway County Grand Jury returned an indictment that charged appellant with aggravated murder and burglary.   Pursuant to an agreement, appellant pled guilty to an amended charge of murder into which the burglary charge would be merged. The trial court sentenced appellant to serve fifteen years to life in prison.   No appeal was taken from that judgment.

{¶ 3} A year later, appellant filed a motion to withdraw his guilty plea.   Appellant alleged, inter alia, that he received ineffective assistance from his trial counsel.   The trial court denied his motion and appellant filed an appeal.   We, however, dismissed the appeal due to

appellant's failure to comply with various orders. *State v. Lofton*, 4th Dist. No. 08CA23 (Mar. 13, 2009) (*Lofton I*).

{¶ 4}   Appellant filed another motion to withdraw his guilty plea on February 15, 2011. Two days later, the trial court denied the motion.   On June 9, 2011, appellant filed a motion for re-sentencing wherein he argued that the trial court erred by imposing post-release control in its 2006 sentencing entry.   The trial court overruled his motion.   We, however, reversed the judgment on the basis that post-release control should not have been imposed and we remanded the matter for re-sentencing.   *State v. Lofton*, 4th Dist. No.11CA16, 2012-Ohio-2274, at ¶8-10&11(*Lofton II*).

{¶ 5}   Appellant commenced the instant action with yet another motion to withdraw his guilty plea.   In particular, appellant argued that his guilty plea resulted from trial counsel's ineffective assistance.   On April 26, 2012, the trial court denied that motion.   This appeal followed.

I

{¶ 6}   Before we turn to the merits of the individual assignments of error, we first address the appropriate standard of review.   A post-sentence guilty plea can be withdrawn to correct a "manifest injustice." Crim.R. 32.1.   Also, the decision to grant or to deny a Crim.R. 32.1 motion lies in the trial court's sound discretion and its decision will not be reversed absent an abuse of that discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus (1992); *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus (1977).   Generally, an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude was unreasonable, arbitrary or unconscionable. *State*

*v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990). Furthermore, in reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 7} After our review of the record and for the reasons set forth below, we find that the trial court neither abused its discretion by denying the motion nor did the trial court err by not correcting a Crim.R. 32.1 "manifest injustice."

## II

{¶ 8} We jointly consider appellant's first assignment of error, as well as portions of his second and third assignments of error that all challenge the trial court's 2006 judgment that imposed post-release control. We note that we previously resolved this issue in *Lofton II*, supra, and need not address it further. Accordingly, to this extent, we hereby overrule appellant's first assignment of error and his second and third assignments of error.

## III

{¶ 9} In the remainder of his second assignment of error appellant argues that during his change of plea hearing the trial court erroneously understated the maximum penalty he could receive for a conviction of murder. We, however, reject this argument for several reasons. First, this matter should have been raised in a first appeal of right, but was not. Thus, the doctrine of res judicata bars appellant from raising this matter at this late date. See e.g. *State v. Beach*, 4th Dist. No. 11CA4, 2012-Ohio-1630, at ¶5, fn. 2; *State v. Evans*, 4th Dist. No. 09CA20,

2010-Ohio-5838, at ¶12; *State v. Houser*, 4th Dist. No. 03CA7, 2003-Ohio-6461, at ¶8.[2]

{¶ 10} Second, appellant did not submit the plea hearing transcript wherein the trial court advised him of the maximum sentence. In the absence of a transcript, we presume that the trial court acted correctly. *State v. Harris*, 4th Dist. No. 11CA15, 2012-Ohio-2185, at ¶9, fn. 1; *State v. Moon*, 4th Dist. No. 08CA875, 2009-Ohio-4830, at ¶34. For these reasons, we find no merit to the remainder of appellant's second assignment of error and it is hereby overruled.

III

{¶ 11} The remainder of the third assignment of error asserts that the fact that appellant entered a guilty plea and received a sentence that carried a term of post-release control constitutes ineffective assistance of counsel. To the extent that post-release control issue was dealt with in *Lofton II*, it is now moot for purposes of these proceedings. As for appellant's claim of ineffective assistance of trial counsel, he raised this issue in his 2007 motion to withdraw his guilty plea and it could have been pursued in *Lofton I,* but was not. The issue could also have been pursued in a first appeal of right, but again, was not. For these reasons, the doctrine of res judicata bars the issue from being raised here and we overrule appellant's third assignment of error.

{¶ 12} Having reviewed all of the errors assigned and argued, and finding merit in none, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

---

[2] Although this issue comes to us on appeal of a denial of a Crim.R. 32.1 motion for post-conviction withdraw of a guilty plea (rather than a collateral attack on the judgment), we note that the same principles of res judicata bar claims from being raised under Crim.R. 32.1 when they could have been raised on a first appeal of right. *State v. Hendrix*, 12th Dist. No. CA2012−05−109, 2012-Ohio-5610. at ¶11.

[Cite as *State v. Lofton*, **2013-Ohio-1120**.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.