[Cite as *State v. Lofton*, 2014-Ohio-1021.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO, : 

    Plaintiff-Appellee, :   Case No.   13CA10

    vs. : 

HARRISON S. LOFTON, IV, :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. : 

_____

APPEARANCES:

APPELLANT PRO SE:     Harrison S. Lofton, IV, #515-249, Toledo Correctional Institution, 2001 East Central Avenue, Toledo, Ohio 43608

COUNSEL FOR APPELLEE:     Judy C. Wolford, Pickaway County Prosecuting Attorney, 203 South Scioto Street, P.O. Box, 910 Circleville, Ohio 43113

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-5-14
ABELE, P.J.

{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that denied a motion to allow Harrison S. Lofton, IV, defendant below and appellant herein, to withdraw his guilty plea. Appellant assigns the following errors for review[1]:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY FAILING TO PROVIDE A

---

[1] Appellant neglects to set forth a separate statement of the assignments of error in his brief. See App.R. 16(A)(3). Thus, we take the assignments of error from scattered portions of the argument contained in his brief.

FAIR AND EFFECTIVE PLEA BARGAIN HEARING FOR
DEFENDANT-APPELLANT, HARRISON S. LOFTON IV, ON
JANUARY 18, 2006."

SECOND ASSIGNMENT OF ERROR:

"STATE PUBLIC DEFENDER, WILLIAM MOONEY, ERRED
BY FAILING TO PROVIDE THE DEFENDANT-APPELLANT
WITH EFFECTIVE LEGAL REPRESENTATION DURING HIS
ORIGINAL PLEA BARGAIN HEARING; [sic] WHICH
WORKED A MANIFEST INJUSTICE."

{¶ 2}   On May 6, 2005, the Pickaway County Grand Jury returned an indictment that

charged appellant with aggravated murder and burglary.   Although appellant initially pled not

guilty, he apparently agreed to plead guilty to an amended charge of murder into which the

burglary charge would merge.   In January 2006, the trial court sentenced appellant to serve

fifteen years to life in prison.   No appeal was taken from that judgment.

{¶ 3}   A year later, appellant filed a motion to withdraw his guilty plea.   Appellant

alleged, inter alia, that he received ineffective assistance from his trial counsel.   The trial court

denied his motion.   Appellant appealed that judgment, but we dismissed the appeal due to his

failures to comply with various orders.   *State v. Lofton*, 4th Dist. Pickaway No.08CA23 (Mar. 13,

2009) (*Lofton I*).

{¶ 4}   On February 15, 2011, appellant filed another motion to withdraw his guilty plea.

Two days later the trial court denied that motion.

{¶ 5}   On June 9, 2011, appellant filed a motion for re-sentencing and argued that the

trial court erred by imposing post-release control in its 2006 sentence.   The trial court overruled

the motion.   However, in *State v. Lofton*, 4th Dist. Pickaway No. 11CA16, 2012- Ohio-2274

(*Lofton II*), we reversed the trial court's judgment on the basis that post-release control should not

have been imposed. Id. at ¶8-10&11.   We then remanded the matter for re-sentencing.

**{¶ 6}**   On March 7, 2012, appellant filed another motion to withdraw his guilty plea.

The trial court denied that request on April 26, 2012.   We affirmed that judgment.   See *State v.*

*Lofton*, 4th Dist. Pickaway No. 12CA11, 2013-Ohio-1120 (Lofton III).

**{¶ 7}**   Almost one month later, appellant commenced the instant proceeding and filed a

fourth motion to withdraw his guilty plea.   The trial court overruled the motion the next day.

Citing *Lofton III*, the trial court concluded that the issues appellant raised in his motion are

barred from being raised again under the doctrine of res judicata.   This appeal followed.

I

**{¶ 8}**   Before we address the merits of the assignments of error, we pause to review two

fundamental principles.   First, the doctrine of res judicata prevents an appellant from raising an

issue that he could have raised, but did not, in a first appeal of right.    See *State v. Beach*, 4th

Dist. Gallia No. 11CA4, 2012–Ohio–1630, at ¶5, fn.2; *State v. Evans*, 4th Dist. Pickaway No.

09CA20, 2010–Ohio–5838, at ¶12; State v. Houser, 4th Dist. Washington No. 03CA7,

2003–Ohio– 6461, at ¶8.[2]   Second, if an appellant actually raised an issue that an appellate court

decided in a first appeal of right (or any other case involving the same appellant), res judicata

likewise bars the issue from being raised and re-litigated yet again in subsequent proceeding.

See *State v. Thompson*, 4th Dist. Ross Nos. 09CA3129 & 09CA3131, 2011-Ohio-6616, at ¶5;

*State v. Paulsen*, 4th Dist. Hocking Nos. 09CA15 & 09CA16, 2010– Ohio–806, at ¶14.   With

these principles in mind, we turn our attention to the assignments of error.

---

[2]    As we noted in *Lofton III*, at ¶9, fn. 2, res judicata also     applies in Crim.R. 32.1 proceedings.

## II

{¶ 9}   In his first assignment of error, appellant asserts that in 2006 he did not receive a "fair and effective plea bargain hearing."   We, however, find no merit to this claim.   First, this is an issue that could have been, and should have been, raised in an original appeal of his 2006 conviction.   No appeal was taken from that judgment and res judicata bars appellant from raising the issue now.

{¶ 10}  Second, this appeal comes to us by way of the trial court's denial of appellant's fourth motion to withdraw guilty plea.   Thus, the only issue that can be raised at this point is whether the trial court erred by denying his motion.   As the court aptly noted in its judgment, however, we concluded in *Lofton III*, supra at ¶¶5-7, that the court's denial of appellant's last motion to withdraw guilty plea did not constitute an abuse of discretion under Crim.R. 32.1. Once again, the issue has been determined and res judicata prevents it from being re-litigated.

{¶ 11}  Accordingly, based upon the foregoing reasons we hereby overrule appellant's first assignment of error.

## III

{¶ 12}  In his second assignment of error, appellant argues that he received constitutionally ineffective assistance from trial counsel.   However, like his first assignment of error, this issue is one that could have been, and should have been, raised in a first appeal of right.   Appellant, however, did not raise this issue.   Additionally, we point out that we overruled appellant's ineffective assistance of trial counsel claim raised by appellant in his third assignment of error in *Lofton III*. Id. at ¶¶1& 11-12.   Consequently, because this issue has been determined, res judicata prevents it from being raised again in these proceedings.

{¶ 13} Having reviewed all errors that appellant has assigned and argued, and having found merit in none of them, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Lofton*, 2014-Ohio-1021.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.