[Cite as *State v. Evans*, 2011-Ohio-4630.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :       Case No.   10CA33

    vs.                                 :

DION M. EVANS,                          :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

APPELLANT PRO SE:      Dion M. Evans, #537-957, Ross Correctional Institution, P.O. Box
                       7010, Chillicothe, Ohio 45601, Pro Se

COUNSEL FOR APPELLEE:  Judy C. Wolford, Pickaway County Prosecuting Attorney,
                       and Jayme Hartley Fountain, Pickaway County Assistant
                       Prosecuting Attorney, 203 South Scioto Street. P.O. Box
                       910, Circleville, Ohio 43113
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-6-11

ABELE, J.

{¶ 1}   This is an appeal from a Pickaway County Common Pleas Court judgment that

denied a motion for "de novo sentencing" filed by Dion M. Evans, defendant below and

appellant herein.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:[1]

"THE TRIAL COURT ERRED WHEN IT ALLOWED
PETITIONER TO REMAIN INCARCERATED UNDER A VOID
SENTENCE IN VIOLATION OF THE DUE PROCESS
CLAUSE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT DENIED
PETITIONER A FINAL APPEALABLE ORDER IN
VIOLATION OF THE DUE PROCESS CLAUSE."

{¶ 3}  In 2006, appellant was convicted of: (1) two counts of burglary in violation of R.C. 2911.12(A)(2); (2) two counts of theft in violation of R.C. 2913.02; (3) failure to comply with the order of police in violation of R.C. 2921.331(B); (4) safe cracking in violation of R.C. 2911.13(A); and (5) receiving stolen property in violation of R.C. 2913.51.   We affirmed his conviction and sentence.   See State v. Evans, Pickaway App. No. 06CA34, 2007-Ohio-6575 (Evans I).   In 2009, appellant filed a motion for new a trial.   The trial court denied the motion and we affirmed that judgment.   See State v. Evans, Pickaway App. No. 09CA20, 2010-Ohio- 5838 (Evans II).

{¶ 4}  Appellant commenced the instant proceeding on August 24, 2010 with his motion for "de novo sentencing."   Appellant argued that the trial court's failure to inform him of the consequences of violating post-release control rendered his sentence void.   The trial court overruled his motion and this appeal followed.

{¶ 5}  In his first assignment of error, appellant asserts that his sentence is void because

---

[1]  Appellant's brief does not contain a separate statement of the assignments of error.    See App.R. 16(A)(3). Thus, we take these assignments of error from the brief's table of contents.

the trial court did not comply with the requisite notice requirements.

{¶ 6}    R.C. 2929.19(B)(3)(c)&(e) require trial courts to notify an offender, at the

sentencing hearing, that (1) he will be subject to post-release control, and (2) if he violates that

control, the parole board may impose a prison term of up to one-half of the original prison term.

We conclude, from our review of the transcript, that the court satisfied this requirement:

> " * * * upon your completion of the sentence you'll be subject – you shall be
> subject to post release control.   It is mandatory in this case for three years. * * * If
> you violate those rules and regulations they can return you back to prison to serve
> additional time, which can total up to one half of the sentence I'm about to give
> you."

Furthermore, a trial court must incorporate notice of post-release control into its journal entry

that imposes the court's sentence.   Hernandez v. Kelly, 108 Ohio St.3d 395, 844 N.E.2d 301,

2006-Ohio-126, at ¶15; State v. Jordan, 104 Ohio St.3d 21, 817 N.E.2d 864, 2004-Ohio- 6085, at

paragraph one of the syllabus.   As the trial noted when it overruled appellant's motion, it also

complied with this requirement.   The 2006 sentencing entry provides "[t]he court has further

notified the defendant that he will be subject to a period of post release control of [t]hree years."

{¶ 7}    Finally, appellant argues that the trial court is also required to repeat in its

judgment entry notice that the parole board could impose additional prison time of up to one-half

of his original sentence for violating post-release control.   We agree with appellant on this

narrow issue.

{¶ 8}    In addition to notifying appellant at his sentencing hearing that he would be

subject to postrelease control upon release from prison, as well as the possible sanction that could

be imposed for violating postrelease control, R.C. 2929.19(B)(3)(e) also requires that this

warning be carried over into the "judgment of conviction."   The Ohio Supreme Court

recognized this requirement in State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434, at ¶23(though in the context of R.C. 2929.191 rather than R.C. 2929.19).

{¶ 9}    Although we agree with appellant that the trial court is required to include this information in its entry, we, however, do not agree with his conclusion that the failure to include that notification renders the judgment void and entitles him to a de novo sentencing hearing. The Ohio General Assembly enacted R.C. 2929.191 to deal with this problem and the statute sets out a procedure in which trial courts may issue nunc pro tunc entries to correct prior judgments that omitted these notifications. Id. at (A).   While R.C. 2929.191(A) cannot be applied retrospectively, Singleton, supra, at ¶26, it can be applied to judgments entered after the effective date of the statute. Id. at ¶¶32-34.   The statute's effective date was July 11, 2006. See Am. Sub. H.B. No. 137, 2006 Ohio Laws File 132.   Appellant's judgment of conviction and sentence in Evans I was entered on November 22, 2006.   Therefore, the statute applies in this case and a de novo sentencing hearing is not required.   Furthermore, we could arguably overrule this assignment of error as it is technically directed only at the refusal to grant appellant a de novo hearing to which he is not entitled, but we believe that the interests of justice are better served by remanding of this case for correction pursuant to R.C. 2929.191.

{¶ 10}  Accordingly, based upon the foregoing reasons, we hereby sustain appellant's first assignment of error to this limited extent.

II

{¶ 11}  Appellant's second assignment of error is somewhat difficult to decipher. Nonetheless, in light of the fact that the only issue in this case is whether the trial court erred by overruling appellant's motion for "de novo sentencing," we find this assignment of error to be

moot.   See App.R. 12(A)(1)(c).

{¶ 12} Accordingly, based upon the foregoing reasons, we hereby affirm in part, and

reverse in part, the trial court's judgment and remand the matter for further proceedings pursuant

to R.C. 2929.191.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND REMANDED
FOR FURTHER PROCEEDINGS.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part and remanded for further proceedings.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & McFarland, J.: Concur in Judgment & Opinion.

For the Court

BY:_____
Peter B. Abele, Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.