[Cite as *State v. Harris*, 2012-Ohio-2185.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA15 |
| | : | |
| vs. | : | |
| | : | |
| DERRICK L. HARRIS, | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | **RELEASED 05/14/12** |
| | : | |

_____

APPEARANCES:

Derrick L. Harris, Chillicothe, Ohio, Appellant pro se.

Judy C. Wolford, Pickaway County Prosecuting Attorney, Circleville, Ohio, for Appellee.
_____

Harsha, J.

{¶1}     Derrick L. Harris appeals the trial court's decision that denied his motion for de novo sentencing.  He contends that he is entitled to a new sentencing hearing because the trial court's sentencing entry failed to state that the parole board could impose up to one-half of Harris' originally-imposed prison term if he violated post-release control.  Because the trial court notified Harris at the sentencing hearing that he could be subject to up to one-half of his originally-imposed prison term if he violated post-release control, Harris is not entitled to a new sentencing hearing.  However, because the trial court failed to incorporate this mandated language into its sentencing entry, we remand to the trial court for the limited purpose of correcting the sentencing entry.  Accordingly, we sustain Harris' assignment of error in limited part and remand to the trial court.

## I. FACTS

{¶2}  On December 20, 2005, the trial court convicted Harris of aggravated robbery with a firearm specification, felonious assault with a firearm specification, and having a weapon while under a disability.  The court sentenced Harris to a total of fifteen years in prison.  The court additionally notified Harris that he would be subject to post-release control for five years.  Its sentencing entry states:  "The Court has further notified the defendant that he will be subject to a period of post-release control of Five (5) years, to be imposed by the Parole Board after his release from imprisonment, as well as the consequences for violating conditions of post release control imposed by the Parole Board under [R.C.] 2967.28.  The defendant is ordered to serve as part of this sentence any such term of Five (5) years of post release control imposed by the Parole Board and any prison term for violation of that post release control."

{¶3}  On May 4, 2011, Harris filed a pro se motion for "de novo sentencing."  He argued that he was entitled to resentencing because the trial court's sentencing entry failed to specify that the parole board may impose up to one-half of Harris' originally-imposed prison term if he violates post-release control.

{¶4}  The trial court denied Harris' motion.  The court determined that its sentencing entry complied with the applicable statutes, because it informed Harris that he would be subject to post-release control for five years and that he may have to serve "any prison term for violation of that post release control."  The court further noted that it had verbally informed Harris "of the consequences,

including the prison term of up to one-half of the prison term originally imposed."

The court explained: "[Harris] is correct that a court speaks only through its

journal entry. However, this Court's December 20, 2005, Entry clearly states that

[Harris] is subject to five years of post release control and that he may have to

serve 'any prison term for violation of that post release control.' This Court orally

advised and explained to [Harris] of what that prison term may consist. Ohio law

never intended for a court's entry to state verbatim that which is stated in open

court and placed on the record."

## II. ASSIGNMENT OF ERROR

{¶5}    Harris raises one assignment of error:

"The court erred when it failed to impose post-release control as
required by the Ohio Statutes."

## III. ANALYSIS

{¶6}    In his sole assignment of error, Harris argues that the trial court

erred when it denied his motion for  de novo sentencing. He asserts that the

court should have conducted a new sentencing hearing, because its original

sentencing entry failed to inform Harris that violating his post-release control

conditions could result in the imposition of up to one-half of his originally-imposed

stated prison term.

{¶7}    Former R.C. 2929.19(B)(3)(c) and (e), which were in effect when

the court sentenced Harris (the present versions are codified at R.C.

2929.19(B)(2)(c) and (e)), required a trial court to notify certain felony offenders

at the sentencing hearing that: (1)  the offender is subject to statutorily mandated

post-release control; and (2) the parole board may impose a prison term of up to

one-half of the offender's originally-imposed prison term if the offender violates post-release control conditions.  *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶11; *State v. Triplett*, 4th Dist. No. 10CA35, 2011-Ohio-4628, ¶4  The Ohio Supreme Court has made it clear that the trial court not only must give the offender both notifications at the sentencing hearing, but it also must incorporate both notifications into its sentencing entry.  *State v. Qualls*, Slip Opinion No. 2012-Ohio-1111, ¶¶18-19 (stating that court must provide "statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control" and that court must incorporate these notifications into its sentencing entry but also recognizing that the "main focus" is "on the notification itself and not on the sentencing entry"); *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶¶308-309 (remanding to trial court to correct sentencing entry when entry failed to specify that if Lang violated post-release control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶77 (stating that trial court's language in sentencing entry that "[t]he defendant is ordered to serve as part of this sentence any term of post-release control imposed by the Parole Board, and *any prison term* for violation of that post-release control" did not comply with mandate to inform offender that the parole board could impose an additional prison term of up to one-half of his prison sentence for violating post-release control) (emphasis sic); *Singleton*

(affirming remand to trial court when trial court's sentencing entry failed to specify that the parole board could impose an additional prison term of up to one-half of his prison sentence for a violation of post-release control). We also have recognized that a trial court must inform the offender at the sentencing hearing of the "up to one-half" prison term penalty for violating post-release control and must repeat that information in its sentencing entry. *State v. Evans*, 4th Dist. No. 10CA33, 2011-Ohio-4630, ¶8. When a court fails to comply with either the sentencing hearing or sentencing entry notification, "the offending portion of the sentence is void, must be set aside, and is subject to review and correction." *Triplett* at ¶4, citing *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶27–29.

{¶8} Here, no one disputes that the trial court's sentencing entry failed to state that the parole board could impose up to one-half of Harris' originally-imposed prison term if he violated post-release control. The trial court reasoned that it complied with this sentencing entry mandate by stating that Harris would have to serve "any prison term for violation of that post-release control." However, this is the exact language that the Ohio Supreme Court determined did not comply with the sentencing entry mandate. *Ketterer*, supra. Consequently, we must likewise conclude that the trial court did not comply with the mandate to incorporate into its sentencing entry a notification that Harris could serve up to one-half of his originally-imposed prison term for violating post-release control.

{¶9} Although we agree with Harris that the trial court did not comply with the sentencing entry notification regarding the "up to one-half" prison term

for violating post-release control, we do not agree that this failure entitles Harris to a de novo sentencing hearing. An offender is entitled to a new sentencing hearing only when the trial court failed to provide the statutorily required notification at the sentencing hearing. *Qualls* at ¶24 (stating that "when the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw"). If the trial court provided the proper notifications at the sentencing hearing but failed to carry over those notifications to its sentencing entry, the proper remedy is for the trial court to enter a nunc pro tunc entry. *Id.* at ¶15. A trial court may use a nunc pro tunc entry to correct a failure to include in its sentencing entry a post-release control notification that it properly provided at the sentencing hearing but failed to incorporate into the sentencing entry. *Id.* Thus, "when a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing." *Id.* at 30. Under these circumstances, we may either remand the matter to the trial court so that it may correct its sentencing entry or correct the entry ourselves. *See Fischer* at ¶¶29-30 (stating that "[c]orrecting a defect in a sentence without a remand is an option" when trial court "does not impose postrelease control in accordance with statutorily mandated terms"); *Triplett* at ¶6 (noting that appellate court "authorized to correct certain errors without remanding for resentencing"). Here, we think the better practice would be to remand this matter to the trial court for the limited

purpose of correcting its sentencing entry to specifically state that the parole board may impose up to one-half of Harris' originally-imposed prison term if he violates post-release control.  Because Harris has not disputed that the trial court provided the statutorily mandated notice at the sentencing hearing,[1] the trial court need not hold another sentencing hearing.

{¶10}  Accordingly, we sustain Harris' assignment of error to the limited extent discussed and remand to the trial court so that it may enter a nunc pro tunc entry that incorporates the required language into its sentencing entry.

JUDGMENT REMANDED.

---

[1] A transcript of the sentencing hearing was not provided on appeal, but the trial court noted in its decision denying Harris' motion for de novo sentencing that at the original sentencing hearing, it had orally informed Harris that the parole board could impose up to one-half of his originally-imposed sentence for violating post-release control.  Without a transcript, we can only presume

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & Kline, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**

---

the regularity of the sentencing hearing.  *E.g., State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753, ¶6.