[Cite as *State v. Smith*, 2012-Ohio-2728.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110668 |
|  |  | TRIAL NO. B-1103240 |
| Plaintiff-Appellant, | : |  |
| vs. | : | *O P I N I O N.* |
| JULIUS SMITH, | : |  |
| Defendant-Appellee. | : |  |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 20, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Bruce K. Hust*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   In May 2011, the grand jury returned an indictment charging defendant-appellant Julius Smith with one count of robbery and one count of trafficking in cocaine.  According to the bill of particulars,

> [O]n or about May 17, 2011, during a telephone conversation the defendant offered to sell crack cocaine to another individual for U.S. currency in the amount of $20.00.  The defendant agreed to meet individual [sic] at BP Gas Station at Harrison and Queen City Avenue.  On the above listed date at approximately 2137 hours the defendant handed the individual an empty piece of tissue paper.  The defendant and individual continued to walk to 1520 Queen City Avenue where the defendant went towards his waist and threatened to shoot the individual and demanded the individual's property.  The defendant stole the individual's cell phone and $20.00.

{¶2}   Pursuant to a plea agreement with the state, Smith pleaded guilty to the robbery count, and the trafficking count was dismissed.  The trial court sentenced Smith to a prison term of two years, and informed him at the sentencing hearing that following his release from prison, he would be subject to three years of postrelease control.  *See* R.C. 2929.19(B)(2)(c) and 2967.28.  The court further advised Smith that should he violate that supervision, the parole board could impose a prison term of up to one-half of the stated prison term originally imposed upon him.  *See* R.C. 2929.19(B)(2)(e).  This appeal followed.

{¶3}   In his single assignment of error, Smith argues that his sentence was contrary to law because the trial court failed to advise him at the sentencing hearing that the parole board could impose a prison term should he commit a new felony while on postrelease control.   Whether a sentencing court must so specifically advise an offender is an issue of first impression in this appellate district.

{¶4}   "Where the sentencing court fails to advise an offender about postrelease control at the sentencing hearing, the court has violated a 'statutory duty' and 'any sentence imposed without such notification is contrary to law' and void." *State v. Williams*, 1st Dist. No. C-081148, 2010-Ohio-1879, ¶ 20, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.   *But see State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26 (holding that where a judge fails to impose statutorily mandated postrelease control as part of the defendant's sentence, only that part of the sentence is void).

{¶5}   R.C. 2929.19(B)(2) requires sentencing courts to notify an offender about several aspects of postrelease control, including that "if a period of supervision is imposed following the offender's release from prison * * * and if the offender violates that supervision * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed on the offender."   R.C. 2929.19(B)(2)(e).   The statute does not, however, require a sentencing court to advise an offender about the particular consequences of committing a new felony while on postrelease control.   Nor has Smith directed our attention to any other statute or holding that requires a defendant to be so advised.   We, therefore, cannot say that the lack of such a notification renders a sentence contrary to law.   *Accord State v. Susany*, 7th Dist. No. 07-MA-7, 2008-Ohio-1543, ¶ 95.   *See also State v. Black*, 7th Dist. No. 09-CO-15, 2010-Ohio-2701, ¶ 29.

**{¶6}** The single assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.