[Cite as *State v. Pelfrey*, 2013-Ohio-593.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No: 11CA3418 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | |
| | : | DECISION AND |
| JOSEPH PELFREY, | : | JUDGMENT ENTRY |
| | : | |
| Defendants-Appellants. | : | **RELEASED 01/29/13** |

APPEARANCES:

Joseph Pelfrey, Chillicothe, Ohio, pro se Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

Kline, J.:

{¶1} Joseph Pelfrey (hereinafter "Pelfrey") appeals the judgment of the Scioto County Court of Common Pleas, which denied his motion for a de novo sentencing hearing. On appeal, Pelfrey contends that he is entitled to a de novo sentencing hearing because his judgment of conviction does not properly impose postrelease control. We disagree. Because Pelfrey was properly notified of postrelease control at his joint-change-of-plea-and-sentencing hearing, the trial court may correct Pelfrey's judgment of conviction in a nunc pro tunc entry. Accordingly, we remand this cause to the trial court for that limited purpose.

I.

{¶2} A Scioto County Grand Jury returned a multiple-count indictment against Pelfrey. Initially, he pled not guilty to the charges. But following plea negotiations,

Pelfrey agreed to plead guilty to (1) aggravated robbery, (2) having weapons while under disability, and (3) a firearm specification.

{¶3}   During Pelfrey's joint-change-of-plea-and-sentencing hearing, the trial court provided the following notification about postrelease control:

> Post release control is mandatory in this case and the period of time will be five years, but you will enter into an agreement with the parole authority on how you are to conduct your life and if you violate that agreement certain things could happen.  You could spend time in the County Jail, the agreement could be modified and become more restrictive upon your life style, the period of time you're on it could be increased to a maximum of five years or ultimately for a violation the parole authority could send you back to prison but for no more than half of your original sentence.
>
> In addition the law also provides if a person is on post release control and they commit a new felony the sentencing court, in addition to any time imposed for the new felony, can also revoke post release control and can sentence a person back to prison for the greater of one year or the remaining time a person has under post release control.  Transcript at 4-5.

{¶4}   Pelfrey's judgment of conviction, however, contains only the following postrelease-control language:

Post Release Control is:

[X] **MANDATORY**

[ ] **OPTIONAL**

For a term of 5 years, as well as the consequences for

violating conditions of post release control imposed by the

Parole Board under Revised Code Section 2967.28.  The

defendant is ordered to serve as part of this sentence any

term of post release control imposed by the Parole Board,

and any prison term for violation of that post release control.

Thus, unlike the notification at the joint-change-of-plea-and-sentencing hearing,

Pelfrey's judgment of conviction does not contain specific details of what may happen if

he violates the conditions of postrelease control.

{¶5}   On September 10, 2010, Pelfrey filed a pro se motion for "de novo

sentencing."  Pelfrey argued that his judgment of conviction does not properly impose

postrelease control and, as a result, that his sentence is void.  The trial court, however,

denied Pelfrey's motion for de novo sentencing.

{¶6}   Pelfrey appeals and asserts the following assignment of error: "The Trial

Court Erred When It Denied Defendant A De Novo Re-Sentencing To Correct A Void

Sentence."

II.

{¶7}   In his sole assignment of error, Pelfrey contends that his judgment of

conviction does not properly impose postrelease control.  As a result, Pelfrey argues

that he is entitled to a de novo sentencing hearing.  We disagree.  Because Pelfrey was

properly notified of postrelease control at the joint-change-of-plea-and-sentencing hearing, the trial court may correct Pelfrey's judgment of conviction in a nunc pro tunc entry. (Pelfrey does not dispute that he was properly notified of postrelease control during the hearing. Rather, Pelfrey bases his argument solely on the language found in the judgment of conviction.)

**{¶8}** To resolve Pelfrey's appeal, "we must interpret and apply the statutes related to postrelease control and parole. Thus, our review is de novo." *State v. Lofton*, 4th Dist. No. 11CA16, 2012-Ohio-2274, ¶ 7, citing *State v. Jenkins*, 4th Dist. No. 10CA3389, 2011-Ohio-6924, ¶ 9.

**{¶9}** Under R.C. 2929.19(B)(2), a sentencing court must notify an offender about several aspects of postrelease control, including that "if a period of supervision is imposed following the offender's release from prison * * * and if the offender violates that supervision * * * the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." (Omissions sic.) *State v. Smith*, 2012-Ohio-2728, 972 N.E.2d 646, ¶ 5 (1st Dist.), quoting R.C. 2929.19(B)(2)(e).

**{¶10}** Significantly, the Supreme Court of Ohio has held that, where notification was properly given at the sentencing hearing, there is no substantive prejudice to a defendant if the sentencing entry's failure to mention postrelease control

is remedied through a nunc pro tunc entry. Our precedents requiring a new sentencing hearing (either de novo or limited) to correctly impose postrelease control do not apply to this situation. The rationale underlying those decisions is that a sentence that does not properly impose postrelease control is void, and a remand for a new sentencing hearing is necessary, because the trial court's erroneous imposition of postrelease control must be corrected in a new hearing at which the defendant is present to receive notification that complies with the statutes. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 23.

{¶11} Here, Pelfrey was notified of postrelease control at a joint-change-of-plea-and-sentencing hearing. And based on the language quoted in paragraph 3 of this opinion, we find that the trial court provided a proper notification of postrelease control. Furthermore,

[b]ecause appellant's plea and sentencing occurred together at the same hearing, at the same time, we find no reason to segregate the separate portions of the hearing into two discrete and distinct hearings. The trial court informed [Pelfrey] that if he was sentenced to prison, post-release control would be part of his sentence, then proceeded to sentence him to prison. *State v. Jackson*, 12th Dist. Nos. CA2005-02-033 & CA2005-03-051, 2006-Ohio-1147, ¶ 18.

**{¶12}**  Nevertheless, we agree that Pelfrey's judgment of conviction does not contain a proper notification of postrelease control.  We encountered a very similar fact pattern in *State v. Harris*, 4th Dist. No. 11CA15, 2012-Ohio-2185.  As is the case here, the defendant in *Harris* was properly notified of postrelease control at the sentencing hearing.  And as is the case here, "the trial court's sentencing entry failed to state that the parole board could impose up to one-half of [Appellant's] originally-imposed prison term if he violated post-release control."  *Id.* at ¶ 8.  Therefore, in *Harris*, we held the following:

> Although we agree with [Appellant] that the trial court did not
>
> comply with the sentencing entry notification regarding the
>
> "up to one-half" prison term for violating post-release control,
>
> we do not agree that this failure entitles [Appellant] to a de
>
> novo sentencing hearing.  An offender is entitled to a new
>
> sentencing hearing only when the trial court failed to provide
>
> the statutorily required notification at the sentencing hearing.
>
> *Qualls* at ¶ 24 (stating that "when the notification of
>
> postrelease control was properly given at the sentencing
>
> hearing, the essential purpose of notice has been fulfilled
>
> and there is no need for a new sentencing hearing to remedy
>
> the flaw").  If the trial court provided the proper notifications
>
> at the sentencing hearing but failed to carry over those
>
> notifications to its sentencing entry, the proper remedy is for
>
> the trial court to enter a nunc pro tunc entry.  *Id.* at ¶ 15.  A

trial court may use a nunc pro tunc entry to correct a failure to include in its sentencing entry a post-release control notification that it properly provided at the sentencing hearing but failed to incorporate into the sentencing entry. *Id.* Thus, "when a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing." *Id.* at [¶] 30. Under these circumstances, we may either remand the matter to the trial court so that it may correct its sentencing entry or correct the entry ourselves. See [*State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332,] at ¶¶ 29-30 (stating that "[c]orrecting a defect in a sentence without a remand is an option" when trial court "does not impose postrelease control in accordance with statutorily mandated terms"); [*State v. Triplett*, 4th Dist. No. 10CA35, 2011-Ohio-4628,] at ¶ 6 (noting that appellate court "authorized to correct certain errors without remanding for resentencing"). Here, we think the better practice would be to remand this matter to the trial court for the limited purpose of correcting its sentencing entry to specifically state that the parole board may impose up to one-half of [Appellant's]

originally-imposed prison term if he violates post-release control.  Because [Appellant] has not disputed that the trial court provided the statutorily mandated notice at the sentencing hearing, the trial court need not hold another sentencing hearing.  (Internal footnote omitted.)  *Harris* at ¶ 9.

{¶13}  We apply the reasoning of *Harris* to the present case.  Therefore, as we did in *Harris*, "we sustain [Pelfrey's] assignment of error to the limited extent discussed and remand to the trial court so that it may enter a nunc pro tunc entry that incorporates the required language into its sentencing entry."  *Id.* at ¶ 10.

**CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the CAUSE IS REMANDED and that the Appellee shall pay the costs.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. & Abele, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
        Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**