[Cite as *State v. Evans*, 2015-Ohio-3649.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 15CA15 |
| | : | |
| v. | : | |
| | : | |
| Dion M. Evans, | : | |
| | : | ENTRY |
| Defendant-Appellant. | : | |
| | : | **RELEASED: 9/3/2015** |

_____

McFARLAND, A.J.

{¶1}　After reviewing the notice of appeal filed in this matter, we issued an order directing Appellant Dion M. Evans to file a memorandum addressing whether the entry appealed from is a final appealable order.　Evans has filed a memorandum arguing that the trial court's order is a final appealable order because it denies his motion to vacate a void nunc pro tunc order.　After reviewing the memorandum and the relevant law, we hereby allow this appeal to proceed.

{¶2}　The trial court's nunc pro tunc order was issued pursuant to our decision in *State v. Evans,* 4th Dist. Pickaway App. No. 10CA33, 2011-Ohio-4630. In *Evans*, we found that the trial court properly informed Evans at the sentencing hearing that he would be subject to postrelease control for a mandatory period of three years and that if he violated that control, the parole board may impose a prison term of up to one-half of the original prison term. However, the judgment of conviction repeated only part of that. The entry stated that Evans had been notified that he is subject to a period of

postrelease control of three years, but the entry did not include the statement that the parole board could impose additional prison time of up to one-half of his original sentence. *Evans* at ¶6 - ¶8. We held that R.C. 2929.191 provided a procedure by which the trial court could correct this error without conducting a de novo hearing and we remanded the case for a correction pursuant to R.C. 2929.191.

**{¶3}** The trial court issued a nunc pro tunc entry on September 12, 2011.  The entry corrected the error by stating that the parole board can impose additional prison time of up to one-half of the original sentence.  The nunc pro tunc entry did not include any other aspect of the original judgment of conviction, but stated, "All other aspects of the November 22, 2006, Entry remains as written."  See Nunc Pro Tunc Entry of Sentence on Jury Verdict Judgment Entry of Sentencing, September 12, 2011.

**{¶4}** On April 3, 2015, Evans filed a motion to vacate the nunc pro tunc order on several grounds, including the argument that the nunc pro tunc entry failed to comply with Crim.R. 32(C) and RC. 2505.02 and is void for failing to have finality.  The trial court denied his motion and this appeal followed.

**{¶5}** In *State v. Adkins*, 4th Dist. Lawrence App. No. 14CA29, 2015-Ohio-2830, we held that an order denying a challenge to a sentencing entry issued pursuant to R.C. 2929.191 is final appealable order because the proceeding set forth in R.C. 2929.191 is a "special proceeding" that affects a "substantial right" to have the trial court issue a judgment entry of conviction in a criminal case.  *Adkins* at ¶ 25. We find that Evans's April 2015 motion challenged the finality of the nunc pro tunc entry and was a request to correct a judgment of conviction made pursuant to R.C. 2929.191. Thus, the trial court's

denial of his motion is a final appealable order. *Id.*; *State v. Terry*, 2nd Dist. Darke App. No. 09CA0005, 2010-Ohio-5391 (holding that a trial court's entry denying a defendant's request for resentencing hearing under R.C. 2929.191 was a final, appealable order under R.C. 2505.02(B)(2)).

{¶6}    Therefore we allow this appeal to proceed.

{¶7}    The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail. The clerk shall serve appellant by certified mail, return receipt requested. If returned unserved, the clerk shall serve appellant by ordinary mail.    **IT IS SO ORDERED.**

Hoover, P.J., & Abele, J.:  Concur.

**FOR THE COURT**

_____
Matthew W. McFarland
Administrative Judge