ABELE, J.
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment that denied a motion for release from postrelease control filed by Dion M. Evans, defendant below and appellant herein. Appellant assigns the following error for review:
ASSIGNMENT OF ERROR:
"TRIAL COURT ERRED IN SENTENCING AND MUST RELEASE [APPELLANT] FROM SANCTIONS IMPOSED. [SIC]"
{¶ 2} On January 3, 2001, appellant pled guilty to burglary in Franklin County. On February 16, 2001, the Franklin County court sentenced appellant to serve three years of community control, and indicated *13 that if appellant violated community control, he could receive a prison term of up to eight years. However, while the court informed appellant that violating community control could result in imprisonment, the court neither informed appellant at the sentencing hearing that postrelease control would follow any prison sentence nor journalized it in the sentencing entry.
{¶ 3} On July 23, 2004, the Franklin County court revoked appellant's community control and sentenced appellant to serve two years in prison. The court's entry recites that "the Court notified the Defendant, orally and in writing, and [sic] the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c)(d) and (e)." However, the court did not specify in the entry the length of appellant's postrelease control, nor did it include the consequences of violating postrelease control.
{¶ 4} In 2006, appellant was convicted in Pickaway County of (1) two counts of burglary in violation of R.C. 2911.12(A)(2) ; (2) two counts of theft in violation of R.C. 2913.02 ; (3) failure to comply with the order of police in violation of R.C. 2921.331(B) ; (4) safe cracking in violation of R.C. 2911.13(A) ; and (5) receiving stolen property in violation of R.C. 2913.51. In its November 21, 2006 sentencing entry, the trial court noted, "Further, Defendant was under postrelease control at the time of the offense and therefore shall served [sic] a period of 1 year, 8 months consecutive to Defendant's sentence in this case." In addition, the court notified appellant that he would "be subject to a period of postrelease control of 3 years, to be imposed by the Parole Board after his release from imprisonment, as well as the consequences for violating conditions of postrelease control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any such term of Three (3) years of postrelease control imposed by the Parole Board and any prison term for violation of that postrelease control."
{¶ 5} Appellant appealed, and we affirmed his convictions and sentence. See State v. Evans , 4th Dist. Pickaway No. 06CA34, 2007-Ohio-6575, 2007 WL 4302643 ( Evans I ). The Supreme Court of Ohio declined jurisdiction. See State v. Evans , 119 Ohio St.3d 1449, 2008-Ohio-4487, 893 N.E.2d 518 ( Evans IA ). In 2009, the trial court denied appellant's motion for new trial. We affirmed that judgment. See State v. Evans , 4th Dist. Pickaway No. 09CA20, 2010-Ohio-5838, 2010 WL 4890499 ( Evans II ).
{¶ 6} On August 24, 2010, appellant filed a motion in Pickaway County for "de novo sentencing" and alleged that the trial court failed to include language in its sentencing entry about the consequences of violating postrelease control. The trial court overruled his motion. We, however, reversed and remanded for the correction of the sentence through a nunc pro tunc entry pursuant to R.C. 2929.191. See State v. Evans , 4th Dist. Pickaway No. 10CA33, 2011-Ohio-4630, 2011 WL 4090251 ( Evans III ). On September 12, 2011, the Pickaway County Common Pleas Court filed its nunc pro tunc entry and corrected the omission from its original sentencing entry. Appellant did not appeal.
{¶ 7} On November 10, 2011, appellant filed another motion "to vacate and correct sentence" and challenged that portion of his 2006 sentence that imposed a 20-month prison term for violating the postrelease control that the Franklin County court imposed. On December 7, 2011, the trial court denied that motion and we affirmed the trial court's judgment. See State v. Evans , 4th Dist. Pickaway No. 11CA24, 2012-Ohio-4143, 2012 WL 3984893 ( *14 Evans IV ). We, however, pointed out that the record on appeal did not include the Franklin County court's February 2001 judgment and that we were thus unable to determine whether the Franklin County court correctly imposed "community control" in the first instance.
{¶ 8} On May 22, 2013, appellant filed a motion entitled "Sentence is Contrary to Law Pursuant to Ohio Revised Code 2929.19(B)(3)(c) and (e) and 2967.28," and, on October 15, 2013, appellant filed a motion "to vacate and set aside sentence." On October 31, 2013, the trial court denied both motions in a single judgment.
{¶ 9} On April 3, 2015, appellant filed a motion asking the trial court to vacate its 2011 nunc pro tunc entry. The trial court denied the motion. We affirmed that judgment. See State v. Evans , 4th Dist. Pickaway No. 15CA15, 2016-Ohio-1434, 2016 WL 1298718 ( Evans V ).
{¶ 10} On November 3, 2015, appellant filed a motion "to release from post release control." Appellant argued that because the Franklin County court failed to properly impose postrelease control, the postrelease control portion of the Franklin County trial court's sentence is void. Appellant claimed that the court did not include language in its sentencing entry to advise him of the terms of postrelease control or the consequences of violating postrelease control. Appellant thus argued that because the initial imposition of postrelease control was void, the Pickaway County trial court's imposition of a 20-month prison sentence for violating that postrelease control is likewise void. In essence, he contended that he could not be in violation of a void postrelease control sanction.
{¶ 11} On November 23, 2015, the trial court overruled appellant's motion. The court noted that the Franklin County trial court's July 28, 2004 entry states: "After the imposition of sentence, the Court notified Defendant, orally and in writing, of the applicable periods of post-release control." The court thus concluded that the Franklin County trial court gave appellant the proper postrelease control notifications.
{¶ 12} On December 21, 2015, the trial court issued a sua sponte decision in which the court explained: "This court does not have jurisdiction to rule on another trial court's judgments. This court's function is to apply another court's terms of post release control, not to analyze whether the entry was done correctly." Thus, the trial court concluded that it, as a fellow common pleas court, had no authority to vacate a judgment entered in another common pleas court. This appeal followed.
{¶ 13} In his sole assignment of error, appellant asserts that the trial court improperly overruled his motion that requested the court to release him from postrelease control. In particular, appellant contends that the postrelease control portion of the 2004 Franklin County judgment that sentenced him to prison for violating community control did not contain all of the R.C. 2929.19(B)(2) notifications, and, thus, the imposition of postrelease control was void. Appellant then asserts that because the initial imposition of postrelease control is void, the Pickaway County trial court's 20-month prison sentence for violating postrelease control is likewise void. Therefore, appellant argues, we must vacate the postrelease control portion of his sentence that is contained in the Pickaway County trial court's 2006 sentencing entry.
{¶ 14} The state argues that in the instant case the trial court correctly relied on the 2004 Franklin County sentencing entry when it imposed a 20-month prison sentence for violating postrelease control.
*15 The state initially responds that this court should dismiss appellant's appeal due to his failure to comply with this court's orders.[1]
{¶ 15} The state notes that appellant argued in a previous appeal that the trial court did not possess jurisdiction to sentence appellant to postrelease control based on the same basic argument that the Franklin County Court failed to properly advise appellant of this potential sanction. This court denied that appeal, primarily because the record was insufficient. Although the Franklin County judgment that revoked community control previously imposed and sentenced appellant to two years in prison was attached, this court noted that it was not the sentencing entry upon which the trial court relied when it imposed sentence in 2006. However, that entry is now a part of the record. The state argues that appellant was indeed properly advised of postrelease control from the prior Franklin County conviction, thus permitting the Pickaway County court to sentence appellant for a violation of that postrelease control for a new felony conviction.
{¶ 16} R.C. 2929.19(B)(2)(c) and (d) impose a duty upon trial courts conducting sentencing hearings to notify felony offenders[2] about postrelease control. Under R.C. 2929.12(B)(2)(c) and (e), a sentencing court must notify certain felony offenders that (1) "the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison"; and (2) "if a period of supervision is imposed following the offender's release from prison * * * and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." Thus, not only is a trial court required to notify an offender at the sentencing hearing about postrelease control, it is also required to incorporate that notice into its journal entry that imposed sentence, and to notify the offender of the consequences of a postrelease control violation. See R.C. 2929.19 (B)(2)(e) ; see also State v. Cupp , 2016-Ohio-8462, 75 N.E.3d 940 ¶ 15. When a trial court fails to provide the required *16 notification at either the sentencing hearing or in the sentencing entry, that part of the sentence is void and must be set aside. State v. Fischer , 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 at ¶ 27-29. Thus, " '[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.' " State v. Billiter , 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 7, quoting Fischer at paragraph one of the syllabus. If a trial court imposes a sentence that is unauthorized by law, the sentence is void. " 'The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' " Billiter at ¶ 10, quoting State v. Bezak , 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12 (modified by State v. Fischer , 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus), quoting Romito v. Maxwell , 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967).
{¶ 17} We recently affirmed these principles in State v. Cupp , 2016-Ohio-8462, 75 N.E.3d 940. In Cupp , the defendant was convicted in 2004 of a first-degree felony in Ross County. The court sentenced him to serve three years in prison and the first-degree felony conviction mandated a five-year period of postrelease control. However, the trial court's sentencing entry failed to incorporate the statutorily-mandated postrelease control consequences. Four years after the defendant completed his prison sentence, and while ostensibly under postrelease control, an Adams County grand jury returned an indictment that charged the defendant with third- and fifth-degree felonies. The defendant entered a guilty plea and the trial court sentenced him for both underlying felonies, and also sentenced him to serve 421 days in prison for the postrelease control violation.
{¶ 18} Subsequently, the defendant filed a motion to vacate the 421-day prison sentence that the court had imposed for violating postrelease control. The defendant asserted that the Ross County trial court failed to properly notify him of the consequences of violating postrelease control, and, thus, the prior imposition of postrelease control was void. The trial court overruled the defendant's motion, primarily because his 421-day prison sentence was part of a jointly-recommended sentence, and appellant appealed the trial court's judgment. We, however, reversed the trial court's judgment, and pointed out that the sentencing entry that imposed postrelease control failed to contain "the notice that the parole board may impose a prison term of up to one-half of the offender's originally-imposed prison term if the offender violates the post-release control conditions." Id. at ¶ 19. We therefore determined that the imposition of postrelease control was void and that the defendant could not be found to have violated a void term of postrelease control. Id. at ¶ 21. We further concluded that the trial court could not correct the void term of postrelease control via a nunc pro tunc entry when the defendant already had completed serving the prison sentence imposed in the underlying case. We thus vacated the defendant's 421-day sentence imposed for violating postrelease control.
{¶ 19} Similarly, in State v. Burns , 4th Dist. Highland No. 11CA19, 2012-Ohio-1626, 2012 WL 1247206, we vacated a 34-month prison sentence imposed for violating improperly imposed postrelease control. In Burns , the trial court failed to include the statutorily-mandated postrelease control notifications when it initially *17 sentenced the defendant. We explained that because the defendant's postrelease control sanction was void, he was not on postrelease control at the time of his subsequent felony offense. We additionally pointed out that the trial court could not correct the postrelease control sentencing error once the defendant had completed the prison term imposed in the underlying case. Burns at ¶ 11, citing State v. Abeles , 3d Dist. Mercer No. 10-11-03, 2011-Ohio-5873, 2011 WL 5517259 at ¶ 8 ; citing State v. Bloomer , 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70 ; State v. Bezak , 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 18,(modified by State v. Fischer , 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus); and State v. Simpkins , 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus.
{¶ 20} In the case sub judice, appellant, like the defendants in Cupp and Burns , cannot be found to have violated a void term of postrelease control. The July 28, 2004 Franklin County judgment that imposed a two-year prison sentence did not fully comply with the R.C. 2929.19(B)(2) postrelease control notifications. The judgment entry states: "After the imposition of sentence, the Court notified the Defendant, orally and in writing, and [sic] the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)." However, the entry does not appear to address the length of such postrelease control, nor the consequences of violating postrelease control. Consequently, because the 2004 sentencing entry apparently does not include the proper postrelease control sanctions and the potential consequences of violating postrelease control, as per R.C. 2929.19(B)(2)(c) and (e), the imposition of postrelease control was void. Moreover, because appellant has finished serving his prison sentence in Franklin County Case No. 00CR04-2643, it appears that the court does not possess the authority to correct the defect with a nunc pro tunc judgment entry. See State v. Qualls , 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24 ("The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nun pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term."); see also State v. Holdcroft, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, and State v. Smith , 2016-Ohio-4688, 70 N.E.3d 135, ¶ 11. Thus, it appears that the imposition of a 20-month prison sentence for appellant's violation or a void term of postrelease control is erroneous.
{¶ 21} Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error and reverse the trial court's judgment that overruled his motion to vacate the 20-month prison term imposed for violating the previously-imposed postrelease control. We emphasize, however, that the remainder of appellant's sentence should be left intact. Therefore, we remand this cause to the trial court for further consideration and for further proceedings consistent with this opinion.
{¶ 22} We also hasten to add that the complicated and convoluted felony sentencing statutes and procedures have long plagued our courts and have truly been a disservice to all citizens. One can only hope that the Gordian Knot of Ohio felony sentencing may someday be solved and may bear some resemblance to the straightforward sentencing procedure used in Ohio prior to 1996.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
Hoover, J.: Concurs in Judgment & Opinion
McFarland, J.: Dissents

The state initially asserts that this court should dismiss this appeal because appellant failed to timely comply with this court's orders. On December 18, 2015, we granted appellant ten days to file a memorandum to address our jurisdiction to hear the appeal. Appellant filed his response on January 7, 2016, ten days later than this court's order provided. We nevertheless permitted appellant to file an appellate brief. The state claims that appellant's delay warrants the dismissal of his appeal. We, however, do not believe that a dismissal is proper under the circumstances present in this case. Because courts prefer to review cases on their merits, rather than dismiss a case due to procedural technicalities, we generally afford considerable leniency to pro se litigants. E.g. , Viars v. Ironton , 4th Dist. Lawrence No. 16CA8, 2016-Ohio-4912, 2016 WL 3670171, ¶ 25 ; Miller v. Miller , 4th Dist. Athens No. 14CA6, 2014-Ohio-5127, 2014 WL 6488876, ¶ 13 ; In re Estate of Pallay , 4th Dist. Washington No. 05CA45, 2006-Ohio-3528, 2006 WL 1875899, ¶ 10 ; Robb v. Smallwood , 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, ¶ 5 (4th Dist.) ; Besser v. Griffey , 88 Ohio App.3d 379, 382, 623 N.E.2d 1326 (4th Dist.1993) ; State ex rel. Karmasu v. Tate , 83 Ohio App.3d 199, 206, 614 N.E.2d 827 (4th Dist.1992) In the case at bar, we decline the state's invitation to dismiss appellant's appeal.

R.C. 2929.19(B)(2)(c) applies to felony offenders who committed a "felony of the first degree or second degree, * * * a felony sex offense, or * * * a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person."