[Cite as *State v. Evans* , 2021-Ohio-347.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :
                                        :        Case No. 20CA2
            Plaintiff-Appellee,         :
                                        :
      v.                                :        <u>DECISION AND JUDGMENT</u>
                                        :        <u>ENTRY</u>
DION M. EVANS,                          :
                                        :
            Defendant-Appellant.        :        **RELEASED: 02/03/2021**
_____

<u>APPEARANCES:</u>

Jerry L. McHenry, for Appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, for Appellee.
_____

Wilkin, J.

{¶1} This is an appeal from a Pickaway County Court of Common Pleas judgment that vacated Appellant, Dion M. Evans', 20-month sentence for violating postrelease control. On appeal, Appellant asserts two assignments of error: (1) the trial court erred in failing to acknowledge his pro se objections during his resentencing hearing, and (2) the trial counsel rendered ineffective assistance of counsel. After reviewing the record and the applicable law, we find Appellant's appeal lacks merit. Therefore, we affirm the trial court's judgment.

BACKGROUND

{¶2} This case has a long and convoluted procedural history, most of which is unnecessary to resolve this appeal; therefore, we provide only a condensed version in this decision.

{¶3} In 2001, Appellant pleaded guilty to burglary in Franklin County and the trial court sentenced him to three years of community control, and informed him that if he violated community control he could be sentenced up to eight years in prison. *State v. Evans*, 4th Dist. Pickaway No. 15CA33, 2017-Ohio-1577, 90 N.E.3d 11, ¶ 2. However, in 2004, the Franklin County Court of Common Pleas revoked Appellant's community control and sentenced him to two years in prison. *Id.* at ¶ 3. The trial court notified Appellant that he would be subject to postrelease control ("PRC"), but did not inform Appellant of the length of the PRC, or the consequences if he violated PRC. *Id.* at ¶ 3.

{¶4} In 2006, Appellant was convicted of burglary, theft, failure to comply with an officer, safe cracking, and receiving stolen property in the Pickaway County Court of Common Pleas. *Id.* ¶ 4. In addition to sentencing Appellant for these five offenses, the trial court noted at the time that Appellant committed these offenses he was on PRC from his 2004 Franklin County conviction. *Id.* Consequently, the trial court imposed an additional 20 months in prison for Appellant's violation of PRC. *Id.*

{¶5} Over the next several years, Appellant filed numerous motions in the Pickaway County Court of Common Pleas arguing the PRC portion of the 2004 Franklin County sentence was void because the trial court did not inform him of the consequences of violating PRC. *Evans* at ¶ 6-10. Therefore, he argued, the 20-month sentence that the Pickaway County Court of Common Pleas imposed for violating PRC was void. *Id.*

**{¶6}** In December 2015, the Pickaway County Court of Common Pleas sua sponte issued a judgment stating that it lacked jurisdiction to rule on Appellant's 2004 Franklin County conviction that imposed the PRC. *Id.* at ¶ 12. However, on appeal, this court held that the PRC imposed in Appellant's 2004 Franklin County conviction did not comply with the PRC notification requirements in R.C. 2929.19(B)(2). *Id.* at ¶ 20. Consequently, we held the 20-month sentence imposed in Appellant's 2006 Pickaway County case for violating PRC imposed in Appellant's 2004 Franklin County conviction was void, and remanded the matter to the trial court to vacate that sentence, but "emphasized" the remainder of "appellant's sentence should remain intact." *Id.* at ¶ 21.

**{¶7}** On remand the trial court held a hearing and vacated the 20-month sentence. During the hearing, the trial judge asked Appellant if he had anything to say. Appellant first thanked the trial court for following the mandate from the court of appeals. He then asserted several "objections" pertaining to his underlying conviction, including that the trial court should have merged certain offenses for sentencing. The trial court did not respond to Appellant's objections, but noted that our remand was only to vacate his 20-month sentence, not his remaining sentence. The trial court subsequently issued a judgment vacating Appellant's 20-month sentence for violating PRC. It is from this judgment that Appellant appeals, asserting two assignment of error.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED WHEN IT FAILED TO RULE UPON PRO SE APPELLANT'S OBJECTIONS AT THE RESENTENCING HEARING VIOLATING HIS RIGHT TO A FULL AND FAIR HEARING

II.     THE TRIAL COURT'S FAILURE TO ANSWER PRO SE
        APPELLANT'S OBJECTIONS DENIED HIM OF HIS RIGHT TO
        COUNSEL, FAIR TRIAL, DUE PROCESS, AND CRUEL AND
        UNUSUAL PUNISHMENT

ASSIGNMENT OF ERROR I

{¶8} Appellant argues that during the re-sentencing hearing, the trial court's failure to rule on his personal objections deprived him of a full and fair hearing.

{¶9} Initially, we note that "Ohio courts need not address pro se motions when the defendant enjoys the benefit of counsel." *State v. Vance*, 4th Dist. Jackson No. 16CA11, 2018-Ohio-1313, ¶ 27, citing *State v. Smith*, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507, ¶ 100.  We find the same logic applies to questions asked by a defendant in a hearing, who is represented by counsel. Therefore, we find that Appellant had no right to personally make objections to the trial court, nor was the trial court obligated to respond to such objections.

{¶10} Further, pursuant to res judicata,

"a final judgment of conviction bars a convicted defendant who
was represented by counsel from raising and litigating in any
proceeding except an appeal from that judgment, any defense or
any claimed lack of due process that was raised or could have
been raised by the defendant at the trial, which resulted in that
judgment of conviction, or on an appeal from that judgment."
*State v. Straley*, 159 Ohio St. 3d 82, 2019-Ohio-5206, 147
N.E.3d 623, ¶ 35, quoting *State v. Perry*, 10 Ohio St.2d 175, 226
N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶11} Appellant's "objections" addressed errors pertaining to his 2006 convictions in Pickaway County.  These issues could have been addressed in

Appellant's direct appeal of those convictions.  Therefore, raising these issues years later in this remand hearing was barred by res judicata.

**{¶12}** Finally, this case was remanded with a mandate limited to correcting the unlawfully imposed 20-month sentence and that was accomplished.  The purpose of the hearing on remand was not to hear additional issues.

**{¶13}** Accordingly, we overrule Appellant's first assignment of error.

ASSIGNMENT OF ERROR II

**{¶14}** Appellant alleges that his counsel was ineffective for failing to raise the objections that Appellant raised personally with the trial court.

**{¶15}** "To establish constitutionally ineffective assistance of counsel, a criminal defendant must show (1) that his or her counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him or her of a fair trial." *State v. Thacker*, 4th Dist. Lawrence No. 18CA21, 2020-Ohio-4620, ¶ 84, citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  "To prevail on a claim of ineffective assistance of counsel, [an appellant] must show (1) [their] counsel's performance was deficient in that it fell below an objective standard of reasonable representation, and (2) the deficient performance prejudiced [their] defense so as to deprive [him or her] of a fair trial." *State v. Jones*, 4th Dist. Scioto No. 6CA3116, 2008-Ohio-968, ¶ 14, citing *State v. Smith*, 89 Ohio St.3d 323, 327, 731 N.E.2d 645 (2000).  Failure to establish either element is fatal to the claim. *Id.*, citing *Strickland.*

**{¶16}** As we found in analyzing Appellant's first assignment of error, Appellant's personal objections that he communicated directly to the trial court lacked merit for several reasons, including that they were barred by res judicata. Therefore, we find that Appellant's counsel's failure to raise these issues at the hearing was neither deficient performance by him, nor was Appellant prejudiced by his failure to raise Appellant's objections with the court. Accordingly, we overrule Appellant's second assignment of error.

CONCLUSION

**{¶17}** Having overruled both of Appellant's assignments of error, we affirm the trial court's judgment.

**JUDGMENT AFFIRMED**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Kristy S. Wilkin, Judge


### **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**